IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01992-RMR-CYC

BECKY HEIZER,

    Plaintiff,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

    Defendant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    Defendant Colorado Farm Bureau Insurance Company moves to extend the Scheduling Order deadline governing the disclosure of rebuttal experts. ECF No. 39. Because the defendant has not shown good cause to amend the Scheduling Order or excusable neglect for the late request, the Court denies the motion.

## ANALYSIS

    The plaintiff commenced this insurance coverage dispute on July 19, 2024. ECF No. 1. The Court entered the Scheduling Order on September 24, 2024, ECF No. 19, which set April 11, 2025 as the deadline for disclosing affirmative experts and May 16, 2025 as the deadline for disclosing rebuttal experts. *Id*. at 9. Twice the parties jointly requested extension of both deadlines, ECF Nos. 23 and 26, which resulted in August 19, 2025 being the deadline for the parties to disclose rebuttal experts. ECF No. 28 at 1. On September 2, 2025, the defendant first sought extension of the rebuttal expert disclosure deadline, ECF No. 33, which was stricken for failure to comply with a variety of rules and practice standards. ECF No. 38 at 2. At that time,

1

the stated reason for the extension was that the defendant's rebuttal experts could not complete their reports without transcripts from depositions that had not yet been taken. ECF No. 33 at 1. Ten days after the Court struck that motion, the defendant filed the instant motion, in which the defendant again asks to extend the rebuttal expert disclosure deadline but now argues that it could not meet the August 19, 2025 deadline due to excusable neglect. ECF No. 39 at 1–2. Specifically, it says that a legal assistant "entered the wrong service email information in PACER, causing the firm's diary system/department not to receive service of Court filings" and, as a result, the August 19, 2025 deadline was "not diaried." *Id*. at 2. The defendant also cites the same rationale provided in the first motion; the defendant's rebuttal experts need information that will be obtained from "scheduled depositions in order to prepare their rebuttal." *Id*.

The motion relies on Fed. R. Civ. P. 6(b)'s "excusable neglect" standard to seek its extension of time. ECF No. 39 at 3. Rule 6 does empower the Court to extend deadlines, but this is a Scheduling Order deadline, and "[i]n the context of amending a scheduling order—even for modifications sought after a deadline has passed—the more specific rule set out in Rule 16(b) applies over the general rule set out in Rule 6(b)(1)." *Equal Emp. Opportunity Comm'n v. A&A Appliance, Inc.*, No. 23-cv-02456-DDD-MEH, 2024 WL 5455803, at *2 (D. Colo. Oct. 8, 2024); *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).

This standard requires the movant to show that "deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotation marks omitted). It "requires a greater showing than excusable neglect." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (quotation marks omitted). The defendant does not meet Rule 16's good cause standard for two reasons.

2

First, the defendant has provided no information from which the Court can analyze diligence. Having ignored Rule 16, the defendant's motion offers no argument that it was diligent in attempting to meet the August 19, 2025 deadline for disclosure of rebuttal experts. According to the plaintiff, she disclosed her affirmative expert reports on July 15, 2025, ECF No. 41 at 6, which the defendant received, as evidenced by its July 21, 2025 motion to strike those disclosures. ECF No. 30. To be sure, the defendant's rebuttal experts may want to wait to prepare their reports until after the plaintiff's affirmative experts are deposed, ECF No. 39 at 2, but without any factual or legal arguments from the defendant regarding diligence, the Court cannot conclude that the defendant was diligent in attempting to meet the August 19, 2025 rebuttal expert disclosure deadline.

And second, a legal assistant's error resulting in the deadline not being calendared, *id.*, does not show diligent efforts. After all, the attorneys themselves had notice of the deadline: the defendant and plaintiff jointly requested extension of the deadline and counsel received the Minute Order extending the deadline to his personal email address. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quotation marks omitted).

To the extent Fed. R. Civ. P. 6(b)(1)(B)'s "excusable neglect" standard also applies, *see Am. Nat'l Prop. & Cas. Co. v. Uscier*, No. 09-cv-02053-CMA-MJW, 2010 WL 2802653, at *1–2 (D. Colo. July 14, 2010), the legal assistant's input of an incorrect email address is not grounds for finding excusable neglect. "A finding of excusable neglect depends on four factors: '[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Perez v. El*

3

*Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Id*. (quotation marks omitted); *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at *5 (10th Cir. Apr. 5, 2024) (unpublished) (affirming district court decision that only considered "the most important" factor: "whether the delay was in [movant's] control and the reason for the delay"); *Lopez v. Cantex Health Care Ctrs. II, LLC*, Nos. 23-2038, 23-2039, 23-2040, 23-2041, 23-2042, 23-2043, 23-2044, and 23-2045, 2023 WL 7321637, at *3 (10th Cir. Nov. 7, 2023) (unpublished) (noting that the third factor was dispositive when party miscalendared deadline and staff was ill).

With regard to prejudice, if the motion is granted, the plaintiff will incur additional discovery-related expenses, including deposing the rebuttal experts. ECF No. 41 at 9. According to the defendant, the two rebuttal experts "were disclosed to Plaintiff in the initial general disclosures" and the defendant will work expeditiously to schedule their depositions. ECF No. 39 at 3. While the plaintiff may have known about these experts through initial disclosures, allowing their tardy rebuttal disclosures will, in all likeliness, necessitate additional expenses and a reopening of discovery. This factor, therefore, counsels against finding excusable neglect. *Am. Nat'l Prop. & Cas. Co.*, 2010 WL 2802653, at *2.

As for the impact of the delay, the requested extension is from August 19 to October 30, 2025. The current request was made on October 9, 2025, ECF No. 41, but initially made on September 2, 2025. ECF No. 33. That is not a significant extension in the context of litigation, but given that the plaintiff's affirmative experts were disclosed to the defendant on July 15, 2025, ECF No. 30, and discovery closed on October 14, 2025, ECF No. 28, it could have an

4

impact on the case. Overall, this factor is neutral. *See Cooper v. Shelter Gen. Ins. Co.*, 2022 WL 1123069, at *4 (D. Colo. Apr. 14, 2022) (noting that "a five-week extension is considerable, [but] it is not unprecedented" and finding factor neutral).

The reason for the delay is the most important factor, *Perez*, 847 F.3d at 1253, and it counsels against finding excusable neglect. A failure of a legal assistant to calendar a deadline properly is not a sufficient explanation. *See Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) (affirming district court's application of excusable neglect and good cause standards). Counsel for the defendant was receiving the Notifications of Electronic Filing to his personal email address in addition to his office receiving them to the incorrect email address that the legal assistant mistyped. In addition, the rebuttal expert disclosure deadline was extended to August 19, 2025 because of a joint request made by the parties, which reflects the signature of counsel for both the plaintiff and the defendant. ECF No. 26. It is, therefore, hard to understand how a legal assistant bears sole responsibility for the error. Moreover, it is ultimately counsel's responsibility to comply with court deadlines. *Saavedra v. Griego*, No. 08-240 WJ/LFG, 2010 WL 11590668, at *1 n.2 (D.N.M. Jan. 29, 2010); *Springer v. Cnty. of Placer*, No. 02:06-cv-0310-GEB-DAD, 2006 WL 1409560, at *1 (E.D. Cal. May 19, 2006). Accordingly, this factor weighs against finding excusable neglect.

The defendant does not address the fourth factor, "whether the movant acted in good faith," *Pioneer*, 507 U.S. at 395, at all. Nor did it take the opportunity to file a reply brief in response to the plaintiff's argument that the course of conduct in this case demonstrates that the defendant lacks good faith in seeking extension of the rebuttal expert disclosure deadline. ECF No. 41 at 13–15. However, given the analysis above, the Court need not reach this factor. The first and third factors counsel against granting the motion and the third is dispositive here. *See*

5

*Lopez*, 2023 WL 7321637, at *3 (noting that the third factor was dispositive when party miscalendared deadline and staff was ill).

## CONCLUSION

For the foregoing reasons, the defendant's Amended Motion for Extension of Time to File Rebuttal Expert Disclosures as a Result of Excusable Neglect, ECF No. 39, is **DENIED**.

Entered this 25th day of November, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

6