IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01992-RMR-CYC

BECKY HEIZER,

     Plaintiff,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendant Colorado Farm Bureau Insurance Company moves to amend its answer. ECF No. 44. Because the defendant has not shown good cause to amend the Scheduling Order, the Court recommends that the motion be denied.

The plaintiff filed her complaint in this action on July 19, 2024. ECF No. 1. The defendant answered it a month later. ECF No. 10. The complaint alleges that a Durango, Colorado property the plaintiff owned suffered lightning damage in July 2021, that the defendant insured the property, and that the defendant undervalued her claim regarding the lightning damage. *See id.* ¶¶ 5–83. It asserts claims for breach of contract as well as statutory and common-law bad faith. *Id.* ¶¶ 84–133.

On September 24, 2024, a Scheduling Order set case deadlines, including December 13, 2024 for the amendment of pleadings. *See* ECF No. 19 at 8. The Court granted two motions to amend the Scheduling Order, extending expert-disclosure deadlines to July and August 2025 and the discovery deadline to October 14, 2025. *See* ECF Nos. 25, 28. After the expiration of the

1

expert-disclosure deadlines, the defendant moved to extend them, citing a legal assistant's calendaring error. *See* ECF No. 39. The Court denied that motion both because the defendant "ha[d] provided no information from which the Court c[ould] analyze diligence" and because the "legal assistant's error . . . d[id] not show diligent efforts." *Heizer v. Colo. Farm Bureau Ins. Co.*, No. 24-cv-01992-RMR-CYC, 2025 WL 3280902, at *2 (D. Colo. Nov. 25, 2025).

On the last day of discovery, ten months after the amendment deadline, the defendant moved to amend its answer and to reopen discovery. ECF No. 42. Notwithstanding the Local Rules' requirement that an opposed motion to amend "attach as an exhibit a copy of the proposed amended or supplemental pleading," D.C.COLO.LCivR 15.1(b), the motion had no such exhibit. That came seventeen days later in an amended motion to amend. *See* ECF Nos. 44, 44-1. The plaintiff responded. ECF No. 48. The defendant did not reply.

Where, as here, the Scheduling Order's deadline to amend the pleadings has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Under the former provision, "a schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In practice, this standard requires the movant to show that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotation marks omitted). "The focus of the inquiry is upon the movant's diligence with respect to the issue underpinning the modification request." *McCormick v. HRM Res., LLC*, 348 F.R.D. 686, 688 (D. Colo. 2025) (citing *Gorsuch*, 771 F.3d at 1240). The defendant does not satisfy that standard here.

As a threshold matter, the point of the amendments is somewhat unclear. The primary amendments are to the answer's affirmative defenses, *see* ECF No. 44-1 at 10–14, but the plaintiff concedes that the "'new' affirmative defenses are already pled in the original Answer." ECF No. 48 at 6. The plaintiff attempted at oral argument to limit this concession to non-fraud defenses, but her opposition specifically and explicitly argued that "[n]o amendment [was] needed" because "[c]oncealment and fraud are standard policy exclusions" and "Defendant's existing fourth affirmative defense already bars recovery on that basis." *Id.* at 7. There appears to be little practical effect, then, to allowing or denying the amendment.

In all events, the defendant lacks good cause for the amendment. It largely justifies its bid to amend its answer by pointing to information it learned at the plaintiff's deposition held a week before the close of discovery, *see* ECF No. 44 at 5–7, but it never explains "why that information could not have been discovered earlier," belying a finding of good cause. *Nation v. Piedmont Indep. Sch. Dist. No. 22*, No. 21-6123, 2022 WL 4075595, at * 8 (10th Cir. Sep. 6, 2022). That alone would justify denial of the motion.

A more detailed examination of the defendant's argument only confirms that conclusion. The defendant seeks, for instance, to add to its affirmative defenses allegations that the plaintiff does not live at the insured property and therefore cannot prevail. *See* ECF No. 44-1 at 12. But none of the information it uses to support these allegations actually came from the deposition; instead, the defendant cites a voter registration, a driver's license address, and public records with the Colorado Secretary of State. *See* ECF No. 44 at 3–4. A "failure to perform a search of publicly available information which it now deems relevant to its defenses does not demonstrate to this court that Defendant could not have met" the amendment "deadline despite all diligent efforts" where "Defendant discovered this information simply by," for instance, "performing a

search on the Colorado Secretary of State's website itself." *Overhead Sols., Inc. v. A1 Garage Door Serv., L.L.C.*, No. 19-cv-01741-PAB-NYW, 2021 WL 4046408, at *5 (D. Colo. May 5, 2021), *recommendation adopted*, 2021 WL 3732764 (D. Colo. Aug. 24, 2021). This is not, then, a case in which "[t]here is . . . no evidence that Defendant could have ascertained this information without discovery in this matter." *Dakota Station II Condo. Ass'n v. Auto-Owners Ins. Co.*, No. 14-cv-02839-RM-NYW, 2015 WL 6591888, at *4 (D. Colo. Oct. 30, 2015). The information it obtained came from its own searches. And while the plaintiff may not have produced her driver's license at her deposition, *see* ECF No. 44 at 3, that does not explain what diligence the defendant exercised previously to investigate whether its insured lived at the property in question.

The defendant also points to certain redacted documents to support adding a defense of violation of the insurance policy's concealment or fraud provision. *See* ECF No. 44 at 6, 9; ECF No. 44-1 at 11–12. As a concealment method, the redactions are not particularly effective; many of them leave the supposedly redacted portions still visible. *See* ECF No. 44-7. More importantly, the defendant never indicates when it received these redacted materials, precluding a finding that it was diligent in investigating them. And although the defendant grounds its current request in the plaintiff's lack of explanation at her deposition for the redactions, *see* ECF No. 44 at 6 — a claim that the Court cannot verify because the defendant attached no deposition transcript — it says nothing about what efforts, if any, it previously made on this front.

Similarly, although the defendant says — again, with no transcript — that it should be allowed to amend because the plaintiff testified that she has not repaired much of her damaged property, *see id.* at 1–2, 7, the defendant details no attempts it made to obtain information about repairs prior to the deposition. Indeed, by the defendant's own account, it previously knew about

a July 20, 2023 deadline to make such repairs, *see* ECF No. 44 at 7, but apparently took no steps to verify any repairs until the plaintiff's deposition over two years later.

Finally, the defendant contends that a September 2025 disclosure of additional repair costs gives rise to a new defense of property neglect. ECF No. 44 at 7–8. But it concedes that it received a previous disclosure of additional repair costs and never explains why it could not have asserted its property-neglect defense then, if not earlier.

In short, the defendant's motion does not show its diligence prior to the Scheduling Order's deadline in pursuing the information it needed to amend its answer. But the very "purpose of a deadline to amend pleadings and join parties contained in a Scheduling Order is to force the parties to prioritize their discovery and attempt to obtain information necessary for any amendments, sooner rather than later, so that discovery may proceed in an orderly fashion." *Dakota Station II*, 2015 WL 6591888, at *4. Without a showing of diligence, then, there is no basis to find good cause for amendment.

The defendant also briefly requests to reopen discovery, *see* ECF No. 44 at 1, but never develops its argument on the issue. It never cites, let alone analyzes, the factors governing the reopening of discovery in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), and "perfunctory or cursory reference to issues unaccompanied by some effort at developed argument are inadequate to warrant consideration, and [a court] generally will not address issues not supported by citation to legal authority." *United States v. Jones*, 768 F.3d 1096, 1105 (10th Cir. 2014) (citations omitted). The defendant referenced *Smith* for the first time at oral argument, but issues not raised until that point are also waived. *Gocha v. Nat'l R.R. Passenger Corp.*, 75 F. Supp. 3d 1304, 1313 (D. Colo. 2014). In all events, to the extent any argument in favor of

reopening discovery is discernible from the papers, it appears to depend on the amendment the

defendant requests, which the Court recommends denying here.

**CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS**[1] that the defendant's Amended

(as to Exhibits Only) Motion To Amend Affirmative Defenses and To Reopen Discovery on

Newly Discovered Issues, ECF No. 44, be **DENIED**.

Respectfully submitted this 5th day of June, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>